■ In the Matter of the Estate of IRVING J. BLUMENTHAL, Deceased. SELMA BLUMENTHAL, Respondent; MARILYN I. JACKNOW, Appellant, et al., Respondent. [673 NYS2d 707] —In a proceeding, *inter alia,* to determine the parties' rights under the last will and testament of Irving Jack Blumenthal, the appeal is from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated July 1, 1997, as included in the net testamentary estate the value of a promissory note in the amount of $125,000, plus interest, and the real property described in Paragraph Fourth of the will.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.

The decedent bequeathed one third of his net testamentary estate to his wife, the petitioner Selma Blumenthal. The provisions of the will clearly and unambiguously provided that the "net testamentary estate" was to include the value of the property specifically devised to the decedent's two daughters in Paragraph Fourth of the will as well as any unpaid balance of a loan made to the decedent's son-in-law pursuant to a promissory note dated July 23, 1990. The balance of the loan necessarily includes the interest due and owing under the specific terms of the promissory note. Thus, the Surrogate's Court was correct in including these two assets in the net testamentary estate for purposes of determining the value of the petitioner's share. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.